NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0439n.06

No. 25-1374

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Sep 26, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| AMY JOHNSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| BENDER MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendant-Appellee. | ) | OPINION |
| | ) | |

Before: SUTTON, Chief Judge; BATCHELDER and LARSEN, Circuit Judges.

**ALICE M. BATCHELDER**, **Circuit Judge**. Amy Johnson sued her former employer, Bender Management, alleging multiple instances of discrimination based on race, and retaliation. The district court granted Bender Management's motion for judgment on the pleadings and dismissed the case. We affirm.

**I.**

Amy Johnson, an African-American woman, filed a discrimination suit after being terminated by her former employer, Bender Management, LLC. Johnson worked for Bender Management as an Assistant Manager and a Community Manager. Her complaint alleges that toward the end of June 2023, Johnson had a disagreement with her white supervisor over whether company policy required a permit for installation of a water heater. After their disagreement, Johnson felt harassed by that supervisor, who called to confirm that she was at work, accused her

of having her boyfriend complete her work, and, Johnson believes, posted a fake Google review about her.

About a month after the disagreement, Johnson took a total of four days off work following her brother's death on July 23, 2023. Bender terminated Johnson's employment on August 1 for "unprofessionalism, attendance issues, and poor work performance." Johnson disputes those claims and maintains that she was a satisfactory employee who consistently performed well without any complaints or reprimands. Johnson's complaint alleges that Bender "had a practice of discriminating against African Americans and/or minority employees and treating them worse than white employees, including refusing to promote them at the same rate that they did white employees" and that "[i]ndividuals of other races were permitted to remain employed despite known issues with their performance, while Johnson, who is African American, was terminated for made up reasons."

Johnson filed suit in the district court bringing six claims under Title VII, the Elliot-Larsen Civil Rights Act ("ELCRA"), 42 U.S.C. § 1981, and Michigan public policy. The district court granted Bender's Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings. Johnson now appeals.

## II.

We evaluate motions filed under Rule 12(c) using the same standard we use to review those filed under Rule 12(b)(6) for failure to state a claim. *Bates v. Green Farms Condo Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020). And we review de novo a district court's grant of a motion to dismiss for failure to state a claim. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

The settled pleading standards described in *Twombly* and *Iqbal* apply to discrimination claims. *Id.* at 610. Therefore, to survive a motion to dismiss, a plaintiff's complaint alleging

2

discrimination must state a plausible claim for relief supported by factual content—not just legal conclusions, speculation, or formulaic recitations of elements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). We accept factual allegations as true. *Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003). We do not accept legal conclusions as true. *Id.*

### III.

A. Discrimination Claim

We evaluate race discrimination claims under § 1981 and the Elliott-Larsen Act using the same standards we apply to Title VII claims. *Jackson v. Quanex Corp.*, 191 F.3d 647, 658 (6th Cir. 1999). Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against any employee based on that employee's race or sex. 42 U.S.C. § 2000e-2(a)(1). As a preliminary matter, Johnson asserts that the district court required her to make a prima facie case under the *McDonnell Douglas* burden shifting framework and by doing so, applied the wrong legal standard when considering her pleading. This is simply false. In fact, citing *Keys*, 684 F.3d at 610, the district court correctly held that Johnson did not need to "plead a prima facie case under *McDonnell Douglas* in order to survive a motion to dismiss," but that the *Twombly* and *Iqbal* standards apply to discrimination claims. Therefore, to survive the motion for judgment on the pleadings, Johnson's Complaint needed to contain sufficient factual allegations to permit the court to reasonably infer that the discrimination that she alleges was because of her race. *See id.* This Johnson has failed to do.

Johnson offers no names, examples, or supporting facts to make plausible her conclusory assertions that "[i]ndividuals of other races were permitted to remain employed despite known issues with their performance," or that Bender "had a practice of discriminating against African

3

Americans." This will not suffice. *See, e.g., Keys,* 684 F.3d at 610 (finding the plaintiff carried her pleading burden because the complaint "detail[ed] several specific events . . . where [the plaintiff] alleges she was treated differently than her Caucasian management counterparts; it identifies the key supervisors and other relevant persons by race and either name or company title; and it alleges that [the plaintiff] and other African Americans received specific adverse employment actions notwithstanding satisfactory employment performances"). Because Johnson's discrimination claim consists of conclusory assertions without any supporting factual content, Johnson fails to present a plausible claim for relief.

B. Retaliation Claim

Johnson also fails to state a plausible retaliation claim. Title VII makes it unlawful for an employer to retaliate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To survive a motion for judgment on the pleadings, Johnson's complaint needed to plead facts purporting to establish that she opposed such a practice. But Johnson's complaint alleged only that she had a disagreement with management about a water heater—an issue entirely unrelated to race, discrimination, or any unlawful employment practice. Johnson failed to allege facts sufficient to state a plausible retaliation claim.

C. Leave to Amend

Johnson also alleges that the district court abused its discretion by dismissing her complaint without granting leave to amend. Appellant's Br. 13. Federal Rule of Civil Procedure 15 provides that courts "should freely give leave [to amend a pleading] when justice so requires."

Fed. R. Civ. P. 15(a)(2). As Johnson correctly observes, Rule 15 generally embraces a liberal amendment standard; however, we don't apply this lenient approach when plaintiffs merely make a cursory request for relief without submitting a proposed amended complaint. *Mitchell v. City of Benton Harbor*, 137 F.4th 420, 442 (6th Cir. 2025). Johnson neither filed a formal motion to amend nor attached a proposed amended complaint, and offered only a brief, unsupported request for leave to amend: "to the extent the Court is inclined to dismiss any of Plaintiff's claims, Plaintiff respectfully requests leave to amend her complaint." This is precisely the kind of "throwaway language" that does not necessitate leave to amend. *See Kuyat v. BioMimetic Therapeutics, Inc.,* 747 F.3d 435, 444 (6th Cir. 2014) (finding that the district court did not abuse its discretion in denying leave to amend when the complaint included only a one-sentence, alternative request). Accordingly, the district court did not abuse its discretion by refusing to grant Johnson leave to amend her complaint.

## IV.

Based on the foregoing, we **AFFIRM** the judgment of the district court.